Opinion by
WiLlr son, J.
§ 755. Surviving widow; suit against, to recover a community debt; petition must allege what; case stated. H. W. Steptow was indebted to appellee $550 for money borrowed by him. He died leaving appellant, his wife, surviving him. Appellee brought this suit against appellant to recover said debt, alleging that deceased left no separate estate, but left community property which appellant had taken possession of and was using, etc. Appellant answered by general demurrer, etc. Her demurrer was overruled and judgment was rendered against her for the debt, to be collected out of the corn *662 munity property. Held, the general demurrer to the petition should have been sustained. It does not allege facts which show a legal cause of action against appellant. It is provided by statute that, “ where the husband or wife dies intestate, leaving no child or children, and no separate property, the common property passes to the survivor charged with the debts of the community, and no administration thereon is required.” [R S. art. .2165.] Under this provision the community property, upon the death of the husband, passed to and vested in appellant, there being no child, and no separate property of the husband. It so passed and vested charged with the community debts. But suppose it was property •. which, under the constitution and laws of the state, was exempt from debts, and the estate of the husband was insolvent, would it pass and vest thus charged? Clearly not. In such case the widow would take an absolute title to it free from all community debts. [E. S. title 37, ch. 18, p. 291.] It was therefore essential, in order to show a good cause of action against appellant, for appellee to allege and prove that the community property which had come to the possession of appellant was such as was legally chargeable with the debt sued for, and to allege with reasonable certainty the kind and value of such property, and that there were no other community debts with which said property was chargeable. [Ante, §§ 376, 377.]
June 10, 1885.
Eeversed and remanded.